UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARKS PAPER COMPANY, INC.**                    **CIVIL ACTION**

**VERSUS**                                       **NO: 07-6171**

**MERYL MARKS ROSENBLOOM,**                      **SECTION: "S" (2)**
**ET AL**

### ORDER AND REASONS

The Motion to Abstain (Doc. #3) filed by defendant Vicki Lee is DENIED.

### BACKGROUND

The pertinent procedural facts are as follows:

On October 14, 2005, Marks Paper Company ("Marks Paper") voluntarily filed for Chapter 11 relief in bankruptcy court. On May 18, 2007, Marks Paper filed a Complaint in the Bankruptcy Court to recover money and/or property allegedly owed to it, and named the heirs of Alan Rosenbloom ("Rosenbloom Successors") and Vicki Lee ("Lee"), as defendants. On May 22, 2007, the bankruptcy court confirmed the Chapter 11 plan, and liquidation of Marks Paper is now complete, according to the parties. Upon the Rosenbloom Successors' request for a jury trial, the standing Order of Reference to the bankruptcy court was withdrawn on September 27, 2007, and the matter was lodged in this court. Lee moves this court to exercise its discretion under 28 U.S.C. §1331(c)(1) to abstain from hearing this case on the merits.

The Complaint alleges that Lee, a certified public accountant and former chief financial officer of Marks Paper, conspired with Alan Rosenbloom, the former president of Marks Paper, to

create false accounting entries, to embezzle funds from Marks Paper, and to overstate inventory in an attempt to conceal these fraudulent activities. Marks Paper also alleges that Lee breached her fiduciary duty in failing to maintain and establish adequate internal accounting controls for Marks Paper and that her failure, either intentionally or by omission, permitted Rosenblum to manipulate and falsify entries in Marks Paper's accounting system, to embezzle funds and property of Marks Paper, and to overstate inventory. Additionally, Marks Paper alleges that Lee knew or should have known of Rosenblum's wrongful conduct. All claims arise under state law, and the parties are not diverse.[1]

Marks Paper claims none of the claims in the adversary proceeding has prescribed or is perempted, and argues that discovery as to prescription is in the "very early stages." Lee and the Rosenbloom Successors claim that the claims raised in the adversary proceeding are prescribed and/or are perempted. Notably, it is agreed that Louisiana state law determines whether the claims in the adversary proceeding have prescribed and/or are perempted. Additionally, Marks Paper asserts that prescription was interrupted and tolled by the filing of the bankruptcy action.

---

[1] For purposes of the instant motion only, the court asked the parties to provide further briefing on whether the claims relative to Lee had prescribed. The response to that request reveals the following timeline:

| | |
|---|---|
| 1989: | Lee hired to perform accounting and bookkeeping functions. |
| 2-2003: | Lee ends employment with Marks Paper for the first time. |
| 11-1-2003: | Alan Rosenbloom, the former president of Marks Paper, dies. |
| 11-2003: | Lee returns to Marks Paper under sole supervision of Allen Marks, but not in a bookkeeping or accounting capacity. |
| 5-27-2004: | Rosenbloom successors acknowledge debt in Sworn List of Asset and Debts filed in Rosenbloom's succession. |
| 12-2004: | Lee resumes work as a part-time bookkeeper under the supervision of Allen Marks, Alan Rosenbloom's brother-in-law, who was once Marks Paper's vice president. |
| 10-14-2005: | Marks Paper filed bankruptcy petition under Chapter 11. |
| 3-22-2006: | Kingsley's Group appointed by bankruptcy court as debtor's financial advisor. |
| 3-2006: | Lee leaves Marks Paper. |
| 5-18-2007: | Marks Paper files the instant adversary complaint in bankruptcy court. |

**ANALYSIS**

Marks Paper asks this court to exercise its discretion to abstain permissively from hearing this case pursuant to 28 U.S.C. §1334(c)(1) which provides in pertinent part that "a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing or particular proceeding arising under title 11 or arising in or related to a case under title 11."

In determining the propriety of a permissive abstention, the courts may consider several nonexclusive factors:

    1) effect of lack thereof on efficient administration of the estate if the court abstains;

    2) extent to which state law issues predominate over bankruptcy issues;

    3) difficulty or unsettled nature of applicable state law;

    4) presence of related proceeding commenced in state court or other nonbankruptcy court;

    5) the jurisdictional basis, if any, other than 28 U.S.C. §1334k;

    6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

    7) substance rather than form of asserted "core" proceeding;

    8) feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to bankruptcy court;

    9) burden of court's docket;

    10) likelihood that commencement of proceeding in bankruptcy court involved forum shopping;

    11) existence of right to jury trial; and,

    12) presence in proceeding of nondebtor parties.[2]

---

[2] *See, e.g., In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. 768, 779-80 (Bankr. S.D. Ohio 1991).

Of the list, a factor which primarily causes this court to retain the case is the fact that there is no related proceeding in state court or another nonbankruptcy court where this matter can proceed without Marks Paper's petition being prescribed on its face as the matter would be filed as if it were a new case.[3] Additionally, this matter is related to the bankruptcy matter and arguably a "core" proceeding.

The other factors favor abstention. The court does not think that there would be a lack of efficient administration of the estate were it to abstain. Further, state law predominates over bankruptcy issues, and there is an absence of a jurisdictional basis other than 28 U.S.C. §1334k. Additionally, the court does not believe that forum shopping is an issue, or that it would be a burden to this court's docket. Further, the fact that plaintiff has a right to jury trial would have been preserved in state court as well.

Nevertheless, the court finds abstention would not be appropriate in this case because there is no other appropriate venue. However, the parties are advised that the court is not ruling on the issue of prescription or peremption as of the filing date of the Complaint in bankruptcy court.

New Orleans, Louisiana, this   13th   day of March, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[3] *In the matter of Baltimore Motor Coach*, 103 B.R. 103, 107 (D. Md. 1989); In Re: Total Transp., Inc., 87 B.R. 568, 572 (D. Minn. 1988); *In re Dayton Title Agency*, 304 B.R. 323, 330-31 (Bankr. S.D. Ohio 2004); *In Re Astropower Liquidating Trust,* 335 B.R. 309, 331 (Bankr. D.Del. 2005), all cases finding abstention inappropriate without another suitable forum.