UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARKS PAPER COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-6171** |
| **MERYL MARKS ROSENBLOOM, ET AL** | **SECTION: "S" (2)** |

### ORDER AND REASONS

The Motion for Partial Summary Judgment (Doc. #18) filed by Meryl Marks Rosenbloom, individually and as trustee of the Lori Rosenbloom Eberts Trust and the Leslie Rosenbloom Eberts, and Leslie Rosenbloom Perrilliat is **GRANTED**.

### BACKGROUND

On November 1, 2003, Allen Rosenbloom, the former president of plaintiff Marks Paper Company, died. On October 14, 2005, Marks Paper voluntarily filed for Chapter 11 relief in bankruptcy court. On May 18, 2007, Marks Paper filed a Complaint in the Bankruptcy Court to recover money and/or property allegedly owed to it, and named the Rosenbloom defendants as heirs of Alan Rosenbloom. The bankruptcy court confirmed the Chapter 11 plan, and liquidation of Marks Paper is now complete, according to the parties. Upon the Rosenbloom defendants' request for a jury trial, the standing Order of Reference to the bankruptcy court was withdrawn, and the matter was lodged in this court.

The Complaint alleges that Alan Rosenbloom failed to pay a debt of at least $312,387.42 which he owed to Marks Paper; that Alan Rosenbloom embezzled and converted funds belonging

to Marks Paper; that Alan Rosenbloom engaged in fraud by drawing out large sums of money from the company; and that Alan Rosenbloom breached his fiduciary duty as an officer of the company.

The Rosenbloom defendants claim that under La. Rev. Stat. 12:1502(A and D), any claims of intentional tortious misconduct which Alan Rosenbloom allegedly committed preceding October 14, 2002, have been extinguished due to peremption.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[1] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[2]

### B. Peremption/Prescription

Louisiana Revised Statute §12:1502 provides that as to any "officer, director, shareholder, member, manager, general partner, limited partner, managing partner or other person similarly situated" of business organizations formed under the laws of Louisiana:

> D.  No action for damages . . . for intentional tortious misconduct, or for an intentional breach of a duty of loyalty, or for an intentional unlawful distribution, of for acts of omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within two years from the date of the alleged act of omission, or within two years from the date the alleged act of

---

[1] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[2] *Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

>omission is discovered or should have been discovered, **but in no event shall an action covered by the provision of this Subsection be brought more than three years from the date of the alleged act or omission**.[3]

Louisiana Civil Code article 3461 provides that "[p]eremption may not be renounced, interrupted, or suspended." The doctrine of *contra non valentum* does not apply to peremption.[4]

The Rosenbloom defendants explicitly limit its motion for partial summary judgment to only the tort and fiduciary claims in the complaint.[5] The defendants contend that any such claim which occurred before October 14, 2002, three years prior to the filing of the bankruptcy proceeding, have been extinguished due to prescription. The parties disagree as to whether plaintiff's "open receivable" claim, a claim which is not at issue in this motion, constitutes a contract claim.

Plaintiff's allegations that Alan Rosenbloom embezzled and converted funds, and engaged in fraud are claims of intentional torts, and as such, are subject to peremption under La. Rev. Stat. §12:1502. Further, plaintiff's allegations that Alan Rosenbloom breached his fiduciary duty as an officer of the company are also subject to peremption under La. Rev. Stat. §12:1502. These claims were first asserted on October 14, 2005, when the Complaint was filed.[6] Thus, the court concludes that, as a matter of law, any claims of embezzlement, conversion, fraud and breach of fiduciary duty which occurred before October 14, 2002, have been extinguished due to peremption. Finding no material question of fact in dispute, the court **GRANTS** the motion for partial summary judgment.

---

[3] La. Rev. Stat. §12:1502.

[4] *Teague v. St. Paul Fire and Marine Ins. Co.*, 974 So.2d 1266, 1275 (La. 2008)

[5] *See* Memorandum in Support of Motion for Partial Summary Judgment (Doc. #18), at 2 n. 3.

[6] *See* Complaint, Counts II, Embezzlement and Conversion; Count III Fraud; and Count IV, Breach of Duty.

New Orleans, Louisiana, this __6th__ day of August, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**